IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLIN ANDERSON and<br>DAVE CLARK,<br><br>    Plaintiffs,<br><br>v.<br><br>KWAME RAOUL et al.,<br><br>    Defendants. | No. 3:23-cv-00728-SPM |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO LIFT STAY OF PROCEEDINGS**

Plaintiffs raise a Second Amendment challenge to section 24-1(a)(6) of the Illinois Criminal Code, a longstanding provision of state law that defines the offense of unlawful use of weapons to include possession of "any device or attachment of any kind designed, used or intended for use in silencing the report of any firearm." 720 ILCS 5/24-1(a)(6). The day before Defendants were required to respond to the complaint, the Court sua sponte stayed the matter for 90 days in light of preliminary injunction motions then pending in four cases consolidated under the caption *Barnett v. Raoul*, No. 3:23-cv-00209-SPM. ECF 26. Noting that the Court has now issued its decision regarding those motions, Plaintiffs move to lift the stay of these proceedings. ECF 31. Defendants agree there is no basis for a stay and respectfully request the Court set a deadline of June 16 for them to respond to the complaint.[*]

This is not the only case pending in this district that challenges section 24-1(a)(6)'s longstanding prohibition on what are commonly known as silencers or suppressors. A materially identical Second Amendment challenge is asserted in *Morse v. Raoul*, No. 3:22-cv-02740-DWD.

---

[*] Although the *Barnett* cases also raise Second Amendment claims, they do not present common questions of law with this case because they challenge different provisions of the Illinois Criminal Code relating to assault weapons and large capacity ammunition feeding devices.

That case was filed late last year and is assigned to Judge Dugan, who has entered a scheduling order that includes deadlines for fact and expert discovery. *Morse* ECFs 44, 44-1.

The Seventh Circuit encourages cases presenting the same question of law to be heard by the same judge. "By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999); *see Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022) ("The judiciary has an interest, independent of litigants' goals, in avoiding messy, duplicative litigation. . . . Things are simplified if [related] suits are before a single judge."); Order Transferring Related Case, *Langley v. Kelly*, No. 3:23-cv-00192 (S.D. Ill. Jan. 30, 2023), ECF 13 (Rosenstengel, C.J.) ("The law of this Circuit provides that related cases filed within the same District Court should be handled by a single District Judge."). Defendants therefore suggest the Court transfer this case to Judge Dugan so it can be consolidated with *Morse* (or vice versa as judicial economy requires).

Dated: May 25, 2023                                             Respectfully submitted,

                                                                /s/ Darren Kinkead
Darren Kinkead, ARDC No. 6304847
Office of the Attorney General
100 West Randolph Street
Chicago, IL 60601
(773) 590-6967
Darren.Kinkead@ilag.gov