IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARLIN ANDERSON, and | ) | |
| DAVE CLARK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-0728-DWD |
| | ) | |
| KWAME RAOUL, | ) | |
| BRENDAN F. KELLY, | ) | |
| CRAIG MILLER, and | ) | |
| BRYAN ROBBINS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DUGAN, District Judge:**

On February 27, 2023, Plaintiffs Carlin Anderson and Dave Clark filed their

Complaint against Defendants Kwame Raoul, the Illinois Attorney General, Brendan F.

Kelly, the Illinois State Police Director, Craig Miller, the State's Attorney of Cass County,

Illinois, and Bryan Robbins, the State's Attorney of Cumberland County, Illinois (Doc. 1).

Plaintiffs contend that Section 5/24-1(a)(6) of the Illinois Criminal Code, 720 Ill. Comp.

Stat. Ann. 5/24-1(a)(6) (banning "any device or attachment of any kind designed, used or

intended for use in silencing the report of any firearm") violates their Second and

Fourteenth Amendments to the United States Constitution.  Plaintiffs seek injunctive and

declaratory relief, along with fees and costs under 42 U.S.C. § 1988 (Doc. 1).

This matter was recently reassigned to the undersigned (Docs. 36, 37).  Prior to its

reassignment, this matter was stayed pending the outcome of motions for preliminary

injunction filed in four consolidated cases addressing the Protect Illinois Communities

Act, 720 Ill. Comp. Stat. Ann. 5/24-1.9, also known as Public Act 102-1116 (Doc. 26).  Now before the Court is Plaintiffs' Motion to Lift Stay (Doc. 31).  Defendants filed a Response to the Motion (Doc. 34), to which Plaintiffs replied (Doc. 35).  The parties agree that the instant matter should no longer be subject to a stay as this case does not present common questions of facts or law with those cases challenging the Protect Illinois Communities Act at issue in 23-cv-141-SPM, 23-cv-192-SPM, 23-cv-209-SPM, and 23-cv-215-SPM.  The Court agrees, and the stay of proceedings is hereby **LIFTED**.

As Defendants have not yet filed their response to Plaintiff's Complaint, Defendants are **DIRECTED** to answer or otherwise respond to the Complaint by **June 21, 2023**.  By separate order, the Court will enter a tracking order and set this matter for a scheduling conference.

Finally, all parties have suggested that it may be appropriate to consolidate this case with the pending matter *Morse et al. v. Raoul et al.*, No. 22-2740-DWD (Docs. 34, 35).  Indeed, the same provision of the Illinois Criminal Code is at issue in *Morse* (No. 22-2740, Doc. 42).  Fed. R. Civ. P. 42(a) grants federal district courts the authority and discretion to consolidate related actions for greater efficiency. The Rule states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts should consolidate related actions, when possible, to promote judicial economy, as long as the consolidation does not unduly prejudice any party. *See, e.g.*, *Ross v. Gossett*, No. 3:15-CV-309-SMY-MAB, 2019 WL 1338569, at *2 (S.D. Ill. Jan. 31, 2019), *report and recommendation*

*adopted,* No. 15-CV-309-SMY-MAB, 2019 WL 1326899 (S.D. Ill. Mar. 25, 2019) ("Rule 42(a) was 'designed and intended to encourage such consolidation where possible.'") (citing *United States v. Knauer,* 149 F.2d 519, 520 (7th Cir. 1945), *aff'd,* 328 U.S. 654 (1946)).

Upon preliminary review, consolidation of these cases appears appropriate. However, the Court will permit the parties to brief this issue. The parties are therefore **DIRECTED** to brief the issue of whether consolidation of these actions under Fed. R. Civ. P. 42 or another applicable authority may be appropriate. The parties shall file their briefs on or before **June 14, 2023**.

**SO ORDERED.**

Dated: June 1, 2023

_____
DAVID W. DUGAN
United States District Judge

3